John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Sharon Lahey (State Bar No. 263027)
slahey@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:	(408) 286-9800
Facsimile:	(408) 998-4790

Attorneys for Defendant
WHITECELL SOFTWARE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TREND MICRO INCORPORATED, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>WHITECELL SOFTWARE, INC., a Delaware corporation,<br><br>Defendant. | CASE NO. CV10-02248 WHA<br><br>**DEFENDANT WHITECELL SOFTWARE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:	November 18, 2010<br>Time:	8:00a.m.<br>Judge:	Hon. William H. Alsup |

**TO THE COURT AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Civil Local Rule 7-2, defendant WhiteCell Software, Inc. shall move the Court on November 17, 2010 at 8:00 a.m. or as soon thereafter as the matter may be heard for an order dismissing this case. This motion shall be made pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) on the grounds that Plaintiff Trend Micro Incorporated cannot establish a justiciable controversy between the parties giving rise to the Court's subject matter jurisdiction.

///

711663.6

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (CASE NO. CV10-02248 WHA)

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

This motion shall be made upon this notice of motion; the supporting memorandum of points and authorities, the declarations of John V. Picone III and Michael A. DeSanctis, Esq. and the proposed order, all filed herewith, and on the papers and pleadings filed herein.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On or about September 8, 2010, Defendant WhiteCell Software, Inc. ("WhiteCell") assigned all of its rights in the patent-in-suit to a third-party, Fortinet, Inc. ("Fortinet"). By assigning ownership of the patent-in-suit, WhiteCell has eliminated the controversy—if any—between the parties. In particular, Plaintiff Trend Micro Incorporated ("Trend Micro") cannot demonstrate any justiciable controversy between Trend Micro and WhiteCell because WhiteCell no longer has standing to sue on the patent-in-suit.

In addition, substitution of Fortinet into this action would not cure the lack of subject matter jurisdiction for two reasons. First, there is no evidence that Fortinet has or will sue Trend Micro on the patent-in-suit. Second, Fortinet cannot sue Trend Micro because Fortinet and Trend Micro have executed cross covenants not to sue each other for patent infringement. Accordingly, Trend Micro cannot demonstrate any justiciable controversy between Trend Micro and Fortinet. For these reasons, the Court should dismiss this action with prejudice pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(h)(3).

### II. FACTUAL BACKGROUND

On or about May 24, 2010, Trend Micro filed its complaint for declaratory relief seeking a declaration of non-infringement on United States Patent No. 7,698,744 (the "'744 Patent") (First Claim for Relief) and a declaration of invalidity as to the '744 Patent (Second Claim for Relief). Trend Micro served its complaint on WhiteCell on August 24, 2010. The parties appeared before the Court for the initial Case Management Conference on September 2, 2010. WhiteCell's answer and/or responsive pleading was originally due on September 23, 2010. Declaration of John V. Picone III In Support of Motion to Dismiss Complaint For Declaratory Judgment ("Picone Decl."), ¶ 2. The parties extended the time for WhiteCell to respond to the complaint to October 7, 2010. *Id*.

On or about September 8, 2010, WhiteCell executed a valid patent assignment agreement (the "Assignment Agreement") with a third party, Fortinet. A true and correct copy of the Assignment Agreement is attached to the Declaration of Michael A. DeSanctis, Esq. In Support of Motion to Dismiss Complaint For Declaratory Judgment ("DeSanctis Decl."), Exhibit ("Exh.") A. Among other things, the Assignment Agreement assigned all of WhiteCell's interests in the '744 Patent to Fortinet. *See id.* at p. 2.

The Assignment Agreement states, in pertinent part, that WhiteCell:

> ASSIGNS to Assignee all of its right, title and interest in and to US Patent No. 7,698,744 (the "Patent"), all proceeds of said Patent (including but not limited to, all license royalties and proceeds of infringement suits); and in and to any and all causes of action (excepting claims upon the United States of America) for past, present, and future infringement of said Patent, including the right to collect royalties and seek injunctive relief, for all such infringements and the right to sue on all such causes of action for their own use and benefit and the use and benefit of their successors, assigns and legal representatives, and in and to all reissues and reexaminations thereof.

WhiteCell recorded its assignment of the '744 Patent to Fortinet with the United States Patent and Trademark Office on or about September 9, 2010. A true and correct copy of this recordation is attached to the DeSanctis Decl. at Exh. B.

## III. LEGAL ARGUMENT

### A. The Court Must Dismiss The Complaint For Lack of Subject Matter Jurisdiction Pursuant to Rules 12(b)(1) and 12(h)(3).

#### 1. WhiteCell's Motion to Dismiss Is Properly Before The Court.

It is axiomatic that a court cannot exercise jurisdiction unless and until the plaintiff establishes that the court has subject matter jurisdiction over the dispute. *See, e.g.*, *Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348 (2010) ("Subject matter jurisdiction is a threshold requirement for a court's power to exercise jurisdiction over a case."); *see also Excelstor Tech. v. Papst Licensing GMBH & Co. KG*, 2010 WL 2560481 (N.D. Cal. 2010), No. C 09-2055 PJH (June 22, 2010), * 3 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("federal courts have no power to consider claims for which they lack subject-matter jurisdiction")).

711663.6
- 3 -
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (CASE NO. CV10-02248 WHA)

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

Therefore, Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(h)(3) authorize federal courts to dismiss an action for lack of subject matter jurisdiction.[1] In considering a motion to dismiss for lack of subject matter jurisdiction, the Court may consider evidence outside the four-corners of the complaint and need not accept the non-moving party's allegations as true. *See, e.g.*, *Assoc. of Am. Med. Colleges v. U.S.*, 217 F.3d 770, 778 (9th Cir. 2000) (finding that district court "obviously does not abuse its discretion by looking to . . . extra-pleading materials in deciding [motion to dismiss under Rule 12(b)(1)], even if it becomes necessary to resolve factual disputes"); *see also AEM (Holdings), Inc. v. Cooper Indus., Inc.*, 2005 WL 5950104, * 2 (C.D. Cal. 2005). As discussed below, the Court lacks subject matter jurisdiction over this case and, therefore, WhiteCell's motion to dismiss should be granted.

### 2. Article III Of The Constitution And The Declaratory Judgment Act Require An Actual Controversy Between The Parties.

The Declaratory Judgment Act provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration." This "case or controversy" requirement derives from Article III of the Constitution and ensures that courts do not impermissibly issue advisory opinions. *See, e.g.*, *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1335–36 (Fed. Cir. 2008) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted)) ("For there to be a case or controversy under Article III, the dispute must be 'definite and concrete, touching the legal relations of parties having adverse legal interests,' 'real and substantial,' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.").

In a declaratory judgment suit for non-infringement or invalidity such as this one, it is well-settled that the mere existence of a patent is insufficient to create a case or controversy. *Prasco*, at 1338 ("long-standing rule that the existence of a patent is not sufficient to establish

---

[1] Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

711663.6 - 4 -
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (CASE NO. CV10-02248 WHA)

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

declaratory judgment") (citing *Capo, Inc. v. Dioptics Med. Prods. Inc.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004) ("More is needed than knowledge of . . . an adversely held patent."). Instead, the plaintiff must demonstrate some affirmative act by the defendant evidencing a real and immediate injury or threat of future injury such as creating a reasonable apprehension of suit, demanding royalty payments, or interfering with regulatory approval. *Prasco*, 537 F.3d at 1339 (citing *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1380–81 (Fed. Cir. 2007)) ("jurisdiction generally will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee.").

The plaintiff's burden of establishing a justiciable controversy between the parties is ongoing; the purported controversy must be present at all stages of the litigation. *See, e.g.*, *King Pharm., Inc. v. EON Labs, Inc.*, ___F.3d___, 2010 WL 3001333, * 14 (Fed. Cir. Aug. 2, 2010) (quoting *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) ("'The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since."); *see also Dow*, 606 F.3d at 1348 (quoting *Presier v. Newkirk*, 422 U.S. 395, 401 (1965) ("'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'")); *NewMatic Sound Sys. v. Magnacoustics, Inc.*, No. C 10-00129 JSW, 2010 WL 1691862 (N.D. Cal. Apr. 23, 2010), *3. Here, Trend Micro cannot satisfy its burden of proving the current existence of any actual controversy between the parties concerning the '744 Patent and, therefore, the Court should grant WhiteCell's motion to dismiss.

**3. Trend Micro Cannot Establish An Actual Controversy Between Trend Micro and WhiteCell Because WhiteCell Does Not Own The '744 Patent.**

Only a patent owner or exclusive licensee has standing to bring a patent infringement suit. *See, e.g.*, *Sicom Sys. Ltd. v. Agilent Technologies, Inc.*, 427 F.3d 971, 976 (Fed. Cir. 2005). Here, WhiteCell assigned all of its interests in the '744 Patent to a third-party on or about September 8, 2010. DeSanctis Decl. at ¶ 2, Exh. A. WhiteCell did not retain any interest whatsoever in the '744 Patent. *See id.* As a result, WhiteCell cannot sue on the '744 Patent because it is neither the

1  owner nor the exclusive licensee of the '744 Patent. *See Sicom*, 427 F.3d at 976. Accordingly,
2  WhiteCell and Trend Micro do not have immediate adverse legal interests concerning the '744
3  Patent and, therefore, the Court lacks subject matter jurisdiction over the complaint. *See*, *e.g.*,
4  *King*, 2010 WL 3001333 at *14–15 (trial court lacked subject matter jurisdiction over declaratory
5  judgment defendant who did not own the patent at issue). For this reason, the Court should grant
6  WhiteCell's motion and dismiss the complaint with prejudice pursuant to Rules 12(b)(1) and
7  12(h)(3).

**4. Substitution Under Rule 25(c) Does Not Cure The Lack Of Jurisdiction Because There Is No Evidence That Fortinet Can Or Will Pursue Any Rights Against Trend Micro.[2]**

**a. Mere Ownership Of A Patent Does Not Establish A Case Or Controversy Between The Parties.**

The touchstone of the Court's jurisdiction in a non-infringement or invalidity suit is that there is some triggering event, some affirmative act by the defendant to establish that there is a real threat that the defendant will pursue its legal rights against the plaintiff. *See Prasco, LLC*, 537 F.3d at 1335–36 (absent an injury-in-fact fairly traceable to the patentee, there can be no immediate and real controversy). Here, substitution of Fortinet would not cure the lack of a justiciable controversy because there is no evidence that Fortinet has enforced or will seek to enforce its rights under the '744 Patent against Trend Micro. For example, there is no evidence that Fortinet has ever sued or threatened to sue Trend Micro under the '744 Patent or that Fortinet has ever demanded royalty payments from Trend Micro concerning the '744 Patent.

Instead, the only evidence to support any case or controversy between Trend Micro and Fortinet is the fact that WhiteCell has assigned its interests in the '744 Patent to Fortinet. It is well-settled, however, that mere ownership of a patent is insufficient as a matter of law to establish any justiciable controversy between the parties. *See, e.g.*, *Capo, Inc. v. Dioptics Med. Prods. Inc.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004) ("more is needed than knowledge of . . . an

---

[2] Fortinet and Trend Micro have been legal adversaries in the past. In fact, the general covenant not to sue each other emanated from an earlier lawsuit. The test for declaratory judgment subject matter jurisdiction, however, is whether Fortinet (not WhiteCell) has taken any affirmative act with respect to the '744 Patent sufficient to create subject matter jurisdiction.

1 adversely held patent."). For this reason alone, substitution under Rule 25(c) does not create a
2 case or controversy sufficient to confer subject matter jurisdiction and, therefore, the Court should
3 grant WhiteCell's motion and dismiss this action pursuant to Rules 12(b)(1) and 12(h)(3) with
4 prejudice.

        **b.**        **There Is No Justiciable Controversy Between Trend Micro And Fortinet Because They Have Covenanted Not To Sue Each Other For Patent Infringement.**

7       In addition to the lack of any conduct by Fortinet demonstrating that it will take any action
8 adverse to Trend Micro, Fortinet <u>cannot</u> take any action against Trend Micro because Fortinet and
9 Trend Micro have executed cross-covenants not to sue each other for patent infringement. *See*
10 Picone Decl. at Exh. A (Trend Micro's court filing expressly stating that Trend Micro and
11 Fortinet "agreed to enter into a covenant not to sue the other for patent infringement").
12       Courts in both the Federal and Ninth Circuits have firmly established that covenants not to
13 sue in non-infringement or invalidity suits divest courts of subject matter jurisdiction. *See, e.g.*,
14 *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1347–48 (Fed. Cir. 2007) (covenant
15 not to sue divested court of jurisdiction); *accord Barco N.V. v. Tech. Prop. Ltd*., 2010 WL
16 604673, * 2 (N.D. Cal. 2010) (covenant not to sue on currently existing products extinguished
17 Article III jurisdiction); *Crossbow Tech., Inc.*, 531 F. Supp. 2d 1117, 1120 (N.D. Cal. 2007)
18 ("covenant not to sue is still sufficient to divest a trial court of subject matter jurisdiction").
19 Accordingly, here, even if the Court substituted Fortinet in WhiteCell's place as a defendant
20 pursuant to Rule 25(c), there would still not be any justiciable controversy before the Court
21 because Fortinet cannot sue Trend Micro on the patent-in-suit. *See, e.g.*, *Benitec*, 495 F.3d at
22 1347–48. For this additional reason, the Court should grant WhiteCell's motion and dismiss the
23 complaint pursuant to rules 12(b)(1) and 12(h)(3) with prejudice.

24 **IV.**    **CONCLUSION**
25       As discussed above, Trend Micro cannot demonstrate a justiciable controversy before the
26 Court because WhiteCell no longer owns the 744' Patent and therefore lacks standing to bring
27 any action against Trend Micro on the patent-in-suit. In addition, the third-party to whom
28 WhiteCell transferred its interests in the '744 Patent—Fortinet—has not and cannot sue Trend

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

711663.6       - 7 -
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY RELIEF;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (CASE NO. CV10-02248 WHA)

1  Micro on the patent-in-suit because it has expressly covenanted not to sue Trend Micro for patent
2  infringement. Accordingly, Trend Micro cannot satisfy its burden of demonstrating ongoing
3  subject matter jurisdiction because there is no risk that WhiteCell or Fortinet will sue Trend
4  Micro on the patent-in-suit. There is no justiciable controversy between the parties and,
5  therefore, the Court should dismiss the Complaint pursuant to Rules 12(b)(1) and 12(h)(3) with
6  prejudice.

Dated: October 7, 2010

HOPKINS & CARLEY
A Law Corporation


By: /s/ John V. Picone III
    John V. Picone III
    Attorneys for Defendant
    WHITECELL SOFTWARE, INC.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

711663.6

- 8 -

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR DECLARATORY RELIEF;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF (CASE NO. CV10-02248 WHA)