1  STEFANI E. SHANBERG, State Bar No. 206717
      Email:  sshanberg@wsgr.com
2  MATTHEW A. ARGENTI, State Bar No. 240954
      Email:  margenti@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone:  (650) 493-9300
   Facsimile:   (650) 565-5100
6
   Attorneys for Defendant
7  FORTINET, INC.

8  
                     **UNITED STATES DISTRICT COURT**
                     **NORTHERN DISTRICT OF CALIFORNIA**
9                        **SAN FRANCISCO DIVISION**

10 | TREND MICRO INCORPORATED, a | ) | CASE NO.:  3:10-cv-02248-WHA |
   | California corporation, | ) | |
11 | | ) | **DECLARATION OF TODD** |
   | Plaintiff, | ) | **NELSON IN SUPPORT OF** |
12 | | ) | **FORTINET'S MOTION TO** |
   | v. | ) | **DISMISS COMPLAINT FOR** |
13 | | ) | **DECLARATORY JUDGMENT** |
   | WHITECELL SOFTWARE, INC., a Delaware | ) | |
14 | Corporation, and FORTINET, INC., a Delaware | ) | |
   | corporation, | ) | |
15 | | ) | |
   | Defendants. | ) | |
16 | | ) | |

17         I, Todd Nelson, hereby declare as follows:

18         1.      I am Vice President of Legal Affairs for Fortinet, Inc. ("Fortinet").  I am over the

19 age of 18 and have personal knowledge about the facts described below.  I submit this

20 Declaration in Support of Fortinet's Motion to Dismiss Complaint for Declaratory Judgment.

21         2.      In early November 2009, WhiteCell's outside patent counsel contacted me about

22 the possibility of Fortinet purchasing the rights to the patent application that would eventually

23 issue as the '744 patent.

24         3.      It is a coincidence that Mike DeSanctis was counsel for WhiteCell in connection

25 with its prosecution and attempt to license or sell the '744 patent and is Fortinet's patent

26 prosecution counsel.  Fortinet represented itself in the transaction with WhiteCell.  Fortinet was

27 not even aware that Mr. DeSanctis had contacted Trend Micro regarding the '744 patent, until it

28 saw the declaratory judgment complaint filed by Trend Micro.

4. I performed an internal assessment of the '744 patent, and engaged in brief preliminary discussions through December 2009 with WhiteCell, but then we had no communication for approximately eight months.

5. In August 2010, after the '744 patent issued, Mr. DeSanctis introduced me to Ed Harper, President and CEO of WhiteCell, and the parties ultimately negotiated an exchange of patent rights, with Fortinet assigning U.S. Patent No. 7,665,119 to WhiteCell and WhiteCell assigning the '744 patent to Fortinet.

6. Throughout the negotiations between Fortinet and WhiteCell, I was the only Fortinet representative to communicate with WhiteCell.

7. The sum total of my communications leading to the agreement to enter into a cross-patent assignment was a handful of emails and phone calls with Mr. DeSanctis and one email and one or two telephone calls with Mr. Harper.

8. After Fortinet and WhiteCell reached an agreement as to the terms, I exchanged a limited number of additional emails and calls with Mr. DeSanctis, representing WhiteCell, to manage the drafting of the assignment documents and the closing of the cross-assignments. Mr. DeSanctis represented WhiteCell throughout the transaction.

9. At no time before, during, or after the above-described communications did Fortinet entertain or discuss with any WhiteCell representative the possibility of reverting ownership of the '744 patent to WhiteCell after executing the assignment, nor did Fortinet entertain or discuss with WhiteCell avoiding jurisdiction in the Northern District of California.

10. Fortinet has no intent to assign ownership of the '744 patent back to WhiteCell.

11. The only affirmative claims of patent infringement Fortinet has ever filed were not filed against Trend Micro and were filed in the Northern District of California (3:10-cv-05148-RS and 5:09-cv-00036-RMW).

12. Fortinet has not performed or otherwise commissioned an assessment of whether Trend Micro infringes the '744 patent and, therefore, certainly does not intend to assert infringement against Trend Micro at this time.

13. Fortinet has never discussed the '744 patent with Trend Micro in any capacity.

DECL. OF TODD NELSON ISO MOTION TO DISMISS
CASE NO.: 3:10-cv-02248-WHA                -2-

1  Fortinet has certainly never threatened Trend Micro in relation to the '744 patent. No threat,
2  therefore, exists.

3      14.    There is a history of litigation between Trend Micro and Fortinet—a history that
4  consists of Trend Micro suing Fortinet for patent infringement. When Trend Micro started this
5  litigation in 2004, Fortinet had not a single patent to its name; Fortinet did not file a counterclaim
6  for patent infringement; and Fortinet has never since asserted a single patent against Trend
7  Micro. Fortinet has been on the defensive throughout its legal entanglements with Trend Micro.
8  It did file one complaint, a declaratory judgment action. While Fortinet has no present intent to
9  assert the '744 patent, or any other patent, against Trend Micro, Fortinet certainly reserves the
10  right to do so if it determines that Trend Micro infringes and believes such a suit is necessary in
11  the future, for example, if Trend Micro again sues Fortinet for patent infringement.

12      15.    Fortinet has over 150 issued patents and pending patent applications, so although
13  it is true that Fortinet is interested in building its defensive portfolio, particularly in view of
14  Trend Micro's history of attacking it, it is unclear why Trend Micro is so intent on maintaining
15  this litigation relating to the '744 patent.

16      16.    Fortinet believes it is worth noting that its intention not to accuse Trend Micro of
17  infringing the '744 patent is wholly apart from the covenant not to sue in the Fortinet/Trend
18  Micro settlement and license agreement. Rather, it results from the fact that Fortinet has
19  performed no infringement analysis and does not seek to engage in further patent infringement
20  litigation with Trend Micro if it can be avoided. Acquiring the '744 patent is merely one part of
21  building a defensive patent portfolio—a task that Fortinet undertook after Trend Micro
22  introduced it to patent litigation.

23      17.    Fortinet has no plans to engage in future patent litigation with Trend Micro.
24      18.    Fortinet assures the Court that the cross-patent assignment between Fortinet and
25  WhiteCell was in no way collusive: there are no side agreements; it is not conditional; there are
26  no reversionary rights; and WhiteCell retained no rights.

27      19.    The cross-patent assignment was in no way an attempt to avoid this Court's
28  jurisdiction. To the contrary, when it must litigate, Fortinet has demonstrated that it is perfectly

1 | happy to do so in the Northern District of California.

Executed on December 22, 2010 at Sunnyvale, California.

_____
Todd Nelson